### ROBERTSON v. STEPHENSON.

No. 8394.

Court of Civil Appeals of Texas. San Antonio.

May 7, 1930.

Rehearing Denied June 11, 1930.

Simmons & Dotson, of San Antonio, for appellant.

L. D. Stroud, of Beeville, for appellee.

FLY, C. J.

Appellee sought a recovery on two promissory notes, one for $180, another for $79.75, and on an account of $15.45, for costs on a former trial against N. Lewis and T. W. Robertson, in the county court of Bee county. A jury was impounded, but the court instructed the jury to return a verdict for appellee in the sum of $144.51, which was accordingly done, and a judgment was rendered jointly and severally against Lewis and Robertson. The latter alone has appealed.

Appellant has filed twenty-one assignments of error, each one of them complaining of the court's instruction to the jury to return a verdict for appellee. Eighteen propositions have been evolved from the assignments of error. There is but one question, and that is, Was there any such conflict in the evidence as would require the assistance of the jury in passing upon the credibility of the witnesses and the weight to be given their testimony?

Appellant was in Beeville to attend the first trial of this cause, and, while the case was pending, upon the advice of J. C. Dougherty, his attorney, appellant drew a check for $184.90 to appellee to settle balance due on the two notes, and a check for $15.70 to pay the costs that had accrued in the case. The checks were drawn on the National Bank of Commerce of San Antonio; the first named in favor of Stephenson, and the last in favor of the county clerk. Appellant, the next morning after arriving at his home in San Antonio, instructed the bank not to pay the checks, and they were not paid. He admitted signing the two notes, which were given for groceries furnished by appellee to the tenant of appellant at the instance and request of the latter. There was really no defense offered by appellant, the only complaint being that appellee had promised that he would not let the tenant have more than $25 a month in groceries, and he furnished him more than that amount, which necessitated the execution of a second note. The second note was executed by appellant with full knowledge of all the facts, and he thereby waived any failure of appellee to meet his agreement, and is bound on both notes. He agreed to pay the costs as well as the two notes, on the advice of his counsel, a learned and upright attorney of the Beeville bar, and then went back on the agreement, had payment of his checks refused, and conveyed some of his property to his wife. This may have been a mere coincidence, and with no intention to defraud creditors. Appellant admitted that he procured dismissal of the suit against him by giving the checks. He made a compromise, and then failed and refused to carry it out. There was really no defense offered at the last trial, nor at the first, when the skillful attorney of appellant advised payment of the debt. The court did not err in instructing the verdict for appellee.

The judgment is affirmed.